## GORE v. HUMPHRIES, Judge.

PER CURIAM. Upon considering the application for mandamus in this case it is ordered: that a mandamus nisi issue; that the Honorable John D. Humphries, judge of the superior court of Fulton County, will show cause in writing on the 5th day of October, 1926, at 3 o'clock p. m., why the mandamus nisi should not be made absolute. The court having taken jurisdiction of this matter and granted a mandamus nisi, it is further ordered that this order shall operate as a supersedeas to the order for the execution of the applicant until the further order of this court. A copy of this order will be transmitted to his honor John D. Humphries, judge of the superior court of Fulton County, so that he may give such direction as will prevent the execution of the applicant on this date.

*All the Justices concur, except Beck, P. J., who dissents.*

No. 5638. SEPTEMBER 14, 1926.

Original application for mandamus.

*Reuben A. Garland,* for applicant.

BECK, P. J. I dissent from the action of the court in granting an order nisi in this case, calling upon the trial judge to show cause why a mandamus should not be granted. I am of the opinion that, under the facts recited in this petition for mandamus and the exhibits thereto, the refusal of the judge to sign the bill of exceptions was proper and in accordance with law, and that for this court now to grant a supersedeas, incidentally having taken jurisdiction of this case, is without authority in law. The petitioner for mandamus was duly convicted and sentenced; the date of execution was fixed; and when the Governor of the State granted a respite for

---

Mandamus, 38 C. J. p. 645, n. 42.

sixty days, that did not in any way impair the sentence. That continued in full force, and the respite granted by the Governor merely postponed the date of execution. No other order from the superior court fixing another date was in any way necessary.